IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ANTONIO C. JONES,                  §
                                   §
          Plaintiff,               §
                                   §
VS.                                §    NO. 4:05-CV-798-A
                                   §
THE CITY OF HURST, ET AL.,         §
                                   §
          Defendants.              §

Memorandum Opinion
and
ORDER

     Defendants, The City of Hurst, Texas, ("City"),[1] Tim Wallace

("Wallace") and Richard Winstanley, ("Winstanley") have moved to

dismiss certain claims asserted in this action by plaintiff,

Antonio C. Jones.  Having considered the motion, plaintiff's

response, and the applicable authorities, the court concludes

that the motion should be granted in part, and that plaintiff

should amend his complaint.

I.

Plaintiff's Complaint

     In the complaint filed December 15, 2005, plaintiff seeks

relief under (a) Title VII of The Civil Rights Act, 42 U.S.C. §

2000e, et seq., for alleged discrimination on the basis of

plaintiff's race and for retaliation because of his complaint of

---

[1]Some of the language in the amended complaint indicates that
plaintiff might be attempting to sue the Police Department of Hurst,
Texas, as a separate entity.  Inasmuch as the Police Department is
only a part of the City of Hurst, the court does not consider that
the Police Department is a separate defendant.  Other than the
individual defendants who are sued in their official capacities, the
only defendant in this action is the City of Hurst.

discrimination, (b) 42 U.S.C. § 1983 for denial of equal protection, and (c) 42 U.S.C. § 1985 for conspiracy to deny plaintiff's civil rights.  Plaintiff brought this action against the City and against both Wallace and Winstanley in their official capacities.

In a section of the complaint entitled "NATURE OF THE CASE" plaintiff provides the following overview of the main factual bases of his complaints:

> Plaintiff, a Black Hurst Police Detective was bypassed for
> promotion by the City of Hurst.  The City of Hurst deemed
> that Plaintiff was not medically capable of performing the
> prescribed duties.  Plaintiff had three years prior been
> cleared medically with <u>no restrictions</u>.  Only after
> Plaintiff was to receive promotion to a supervisory
> position did the City of Hurst deem Plaintiff unfit for
> the prescribed position.  During the testing, assessment,
> and subsequent selection process there were [sic.] no
> mention of the Plaintiff's medical condition.  An appeal
> to the City of Hurst by Plaintiff was denied, however, the
> City of Hurst made several promises to the Plaintiff in
> lieu of promotional appeal.  It is Plaintiff's belief that
> the City of Hurst bypassed Plaintiff because of his race.

Compl. at 2 ¶ 8. (emphasis in original).  The factual statements in the complaint disclose that plaintiff contends that the conduct alleged in the above-quoted language occurred in the year 2003.  Plaintiff also complains that in March 2005, City "took away Plaintiff's right to be a Police Officer," Compl. ¶ 19 at 5, ostensibly because plaintiff had failed a medical physical, and later, after a civil service hearing, demoted plaintiff from a detective position to the department's patrol division.  In committing these acts, plaintiff contends, City deprived, and conspired to deprive, plaintiff of various constitutional rights.

II.

## Grounds of the Motion

Defendants maintain that certain of plaintiff's claims should be dismissed because he fails to state a claim upon which relief can be granted.  Specifically, defendants urge that: (a) plaintiff's Title VII claims against Wallace and Winstanley fail because individuals cannot be sued under 42 U.S.C. § 2000e, et seq.; (b) plaintiff's Title VII claims based on the events of 2003 are barred because plaintiff failed to timely pursue his administrative remedies with respect to those claims; (c) plaintiff's claims under §§ 1983 and 1985 as to the 2003 events are barred by limitations; (d) all claims under §§ 1983 and 1985 fail as a matter of law because plaintiff does not identify any municipal policy or policymaker responsible for the alleged unconstitutional injury; and (e) because plaintiff asserts a claim under Title VII for the events occurring in 2005, he cannot at the same time assert claims under 42 U.S.C. §§ 1983 and 1985 for that same conduct.

III.

## Applicable Standards Under
## Fed. R. Civ. P. 12

The standards for deciding a motion to dismiss for failure to state a claim are well settled.  The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint "should not be dismissed for failure to state a claim

3

unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  The court construes the allegations of the complaint favorably to the pleader.  <u>Scheuer</u>, 416 U.S. at 236.  However, the court does not accept conclusory allegations or unwarranted deductions of fact as true.  <u>Tuchman v. DSC Communications Corp.</u>, 14 F.3d 1061, 1067 (5th Cir. 1994); <u>Guidry v. Bank of LaPlace</u>, 954 F.2d 278, 281 (5th Cir. 1992).

IV.

<u>Dismissal of the Individual Defendants</u>

The court concludes that City is the only defendant to this action.  A suit against governmental officials in their official capacities is the same as a suit against the governmental entity. <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985).  Plaintiff has not sued Wallace and Winstanley in their individual capacities, only in their official capacities.  Accordingly, the court is dismissing all of plaintiff's claims against Wallace and Winstanley.[2]

---

[2]The Fifth Circuit has held that Title VII does not impose liability upon individuals.  <u>See</u> <u>Pfau v. Reed</u>, 125 F.3d 927, 935-36 (5th Cir. 1997).  So, even if Wallace and Winstanley had been sued in their individual capacities, they would have no liability to plaintiff under Title VII.

V.

## Procedural Bars as to Claims Based on 2003 Events

A.   Claims Under Title VII Based on 2003 Events

Before a plaintiff may file a civil action under Title VII
he must timely pursue available administrative remedies, which
includes the filing of a complaint with the Equal Employment
Opportunity Commission ("EEOC") within 300 days after an alleged
violation occurs.  See 42 U.S.C. § 2000e-5(b), (e); Dao v.
Auchlan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996).  The face
of plaintiff's Charge of Discrimination[3] filed with the EEOC on
September 22, 2005, shows that certain of the alleged violations
giving rise to his Title VII claims occurred in October 2003,
more than 300 days before the Charge of Discrimination was filed.
The court concludes that plaintiff failed to file a timely EEOC
complaint with regard to any claims he might have based on events
occurring before November 26, 2004.

B.   Claims Under Sections 1983 and 1985 Based on 2003 Events

The pertinent statute of limitations period for plaintiff's
§§ 1983 and 1985 claims is two years.  Flores v. Cameron Co., 92
F.3d 258, 271 (5th Cir. 1996); see also Helton v. Clements, 832
F.2d 332, 334 (5th Cir. 1987).  Thus, plaintiff's §§ 1983 and
1985 claims relating to any event occurring before this action
was filed on December 15, 2003, are barred by limitations.

---

[3] Plaintiff's Charge of Discrimination is attached to his
complaint.

5

VI.

<u>The Claims That Are Not Procedurally Barred</u>

Plaintiff asserts claims based on the 2005 events under 28 U.S.C. §§ 1983 and 1985 as well as Title VII.  City, citing <u>Great Am. Fed. Sav. & Loan Ass'n v. Novotny</u>, 442 U.S. 366 (1979), contends that the law does not permit the assertion of both.  The rule of the Fifth Circuit seems to be against City's contention. <u>See</u> <u>Johnson v. Harris County Flood Control Dist.</u>, 869 F.2d 1565, 1576 (5th Cir. 1989).  This is a matter the court will consider further as the case progresses, but, for the time being, the court is rejecting City's contention.

However, the court does have a concern as to the adequacy of plaintiff's allegations as to the 2005 events.  A municipality can be sued and subjected to monetary damages and injunctive relief under 28 U.S.C. §§ 1983 and 1985 only if an official policy or custom of the municipality caused the plaintiff to be deprived of a federally protected right.  <u>Board of County Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997); <u>see</u> <u>also</u> <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658, 694 (1978).  To support a claim based on the existence of a custom or policy, the plaintiff must plead facts to show that: (1) a policy or custom existed; (2) governmental policymakers actually or constructively knew of its existence; (3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the violation. <u>Meadowbriar Home for Children, Inc. v. Gunn</u>, 81 F.3d 521, 532-33 (5th Cir. 1996).  A description of the policy or custom and its

6

relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts.  <u>Spiller v. City of Tex. City</u>, 130 F.3d 162, 167 (5th Cir. 1997).  The plaintiff must establish that his claims are based on the municipality's official policy, not the policy of an individual official. <u>Bennett v. City of Slidell</u>, 728 F.2d 762, 769 (5th Cir. 1984). "The fact that a particular official--even a policy-making official--has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 481-82 (1986).

Whether an official had final policymaking authority is a question of state law.  <u>Id.</u> at 483. Generally, one is not a policymaker unless the governmental entity, through its lawmakers, has delegated exclusive policymaking authority to that employee, agency, or board, and cannot review his or its decisions.  <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112, 127 (1988). In sum, "municipal liability under § 1983 attaches where--and only where--the deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." <u>Pembaur</u>, 475 U.S. at 483-84.[4]

_____

[4] Plaintiff argues incorrectly that he need only "allege that defendants deprived him off rights secured by the Constitution or federal statutes" to state a § 1983 claim.  Pl.'s Resp. at 3. Plaintiff's position ignores the long-established rule that "Congress
(continued...)

While the court has serious reservations about the adequacy of the allegations of the complaint relative to the §§ 1983 and 1985 claims, the court, rather than to dismiss those claims, is ordering plaintiff to replead with appropriate specificity.

VII.

O R D E R

For the reasons stated herein,

The court ORDERS that all of plaintiff's claims and causes of action asserted against Wallace and Winstanley be, and are hereby, dismissed without prejudice.

The court further ORDERS that all of the claims and causes of action asserted by plaintiff under 28 U.S.C. §§ 1983 and 1985 against City based on events occurring before December 15, 2003, be, and are hereby, dismissed.

The court further ORDERS that all of the claims and causes of action asserted by plaintiff under Title VII against City based on events occurring before November 26, 2004, be, and are hereby, dismissed.

The court further ORDERS that from this point forward the sole defendant in this action is City, that the parties show on all items filed with the papers in this action that the defendant is "City of Hurst, Texas," and that the style of this action be "Antonio C. Jones, Plaintiff v. City of Hurst, Texas, Defendant."

---

[4](...continued)
did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978).

The court further ORDERS that:

(a)   By March 15, 2006, plaintiff shall file an amended
      complaint that reflects the rulings made by the court
      herein (namely, that the only proper defendant to this
      action is City, and the only claims remaining are those
      relating to the events described in the complaint as
      occurring in 2005).

(b)   The amended complaint shall not contain any claim that
      is not asserted in plaintiff's original complaint.

(c)   If plaintiff continues to assert in his amended
      complaint claims against City under 28 U.S.C. §§ 1983
      and 1985, he shall allege with specificity in the
      amended complaint (i) each official policy or custom of
      City that he claims caused him to be deprived of a
      federally-protected right, (ii) each fact that he
      claims establishes that City policymakers actually or
      constructively knew of the existence of the custom or
      policy of which he complains, (iii) each fact
      establishing that a constitutional violation occurred,
      and (iv) each fact establishing that the custom or
      policy of which he complains served as the moving

9

force behind the violation.   Specific facts, rather

than conclusions, must be alleged.

SIGNED March __2__, 2006.


                                    ___/s/ John McBryde_____
                                    JOHN McBRYDE
                                    United States District Judge