```
                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION


ANTONIO C. JONES,                    §
                                     §
          Plaintiff,                 §
                                     §
VS.                                  §    NO. 4:05-CV-798-A
                                     §
THE CITY OF HURST,                   §
                                     §
          Defendant.                 §
```

<u>Memorandum Opinion</u>
<u>and</u>
<u>ORDER</u>

Defendant, The City of Hurst, Texas, has moved to dismiss the amended complaint filed on March 15, 2006, by <u>pro se</u> plaintiff, Antonio C. Jones.  Having considered the motion, plaintiff's response, and the applicable authorities, the court concludes that the motion should be granted for the reasons set forth below.

I.

<u>Plaintiff's Amended Complaint</u>

Plaintiff's amended complaint seeks relief under (a) Title VII of The Civil Rights Act, 42 U.S.C. § 2000e, <u>et seq.</u>, for alleged discrimination on the basis of plaintiff's race and retaliation for engaging in protected activity, (b) 42 U.S.C. § 1983 for the denial of his civil rights, and (c) 42 U.S.C. § 1985 for conspiracy to deny plaintiff's civil rights.  At issue in the amended complaint is a decision by defendant to demote plaintiff, a veteran of defendant's police force.  Specifically, plaintiff claims that "[defendant] took away Plaintiff's right to be a Police Officer" after he failed a physical examination

despite the fact that "exceptions were granted to White Officers." Am. Compl. at 3. After electing to seek review on defendant's civil service review board, plaintiff was apparently reassigned from the detective division to the patrol division of defendant's police force. Plaintiff claims that this reassignment was not because he failed a physical examination, but because he sought a "civil remedy," id. at 4, and he "exercised his First Amendment right to seek promotion, speak out against discrimination, retaliation, abuses and inefficiencies of the City." Am. Compl. at 15-16. Therefore, plaintiff's claims can best be characterized as being (1) disparate treatment based on race, and (2) retaliation for engaging in protected activity.

Appearing on pages four through fifteen of the amended complaint is what plaintiff alleges to be defendant's policy causing his injury. These alleged policies include portions taken from Chapter 143 of the Texas Local Government Code, which contains provisions of the Texas Civil Service Code, and portions of unidentified municipal regulations adopted by defendant. While the amended complaint makes no effort at explaining the pertinence of these statutes and regulations, it appears that plaintiff is attempting to highlight defendant's policies he believes were applicable to his reassignment to the patrol division. The complaint alleges that two of defendant's employees, a Chief Wallace and Assistant Chief Winstanley, were defendant's policymakers with regard to the actions plaintiff complains of.

2

The only allegation relating to the § 1985 conspiracy claim states that "[defendant] also conspired to, and did, violate [plaintiff's] Fourteenth Amendment right to due process." Am. Compl. at 16. There is no further development of the facts surrounding the alleged conspiracy.

II.

Grounds of the Motion

Defendant maintains that all of plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. Specifically, defendants urge that (a) all of plaintiff's claims are time-barred, (b) all claims under §§ 1983 and 1985 fail as a matter of law because plaintiff does not provide a specific factual description of key matters, (c) plaintiff cannot pursue claims under both Title VII and §§ 1983 and 1985; and (d) plaintiff's Title VII claims fail because the conclusory allegations contained in the amended complaint are insufficient to state a claim for disparate treatment.

III.

Standards Applicable to a Motion to Dismiss
for Failure to State a Claim

The standards for deciding a motion to dismiss for failure to state a claim are well settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint "should not be dismissed for failure to state a claim

3

unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). The court construes the allegations of the complaint favorably to the pleader. <u>Scheuer</u>, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. <u>Tuchman v. DSC Communications Corp.</u>, 14 F.3d 1061, 1067 (5th Cir. 1994); <u>Guidry v. Bank of LaPlace</u>, 954 F.2d 278, 281 (5th Cir. 1992).

4

IV.

## Claims Under §§ 1983 and 1985 are Precluded

An allegation of discriminatory treatment cannot form the basis of both a Title VII claim and claims under §§ 1983 and 1985 unless the employer's conduct violates both Title VII and a separate statute or constitutional right. Jackson v. City of Atlanta, 73 F.3d 60, 63  (5th Cir. 1996; see also Horaist v. Doctor's Hosp. Of Opelousas, 255 F.3d 261 (5th Cir. 2001). In other words, "the same facts that support a Title VII claim cannot also support a separate § 1983 claim." Sloan v. Sharp, 157 F.3d 980, 983 (5th Cir. 1998).  When ruling on defendant's first motion to dismiss on March 2, 2006, the court did not dismiss plaintiff's §§ 1983 and 1985 claims because the court reckoned plaintiff might plead a basis for asserting those claims separate from Title VII in his amended complaint.  See Johnson v. Harris County Flood Countrol District, 869 F.2d 1565, 1576 (5th Cir. 1989).  Once again, plaintiff has failed to so.

Title VII provides the exclusive remedy for the discriminatory treatment alleged in plaintiff's amended complaint, disparate treatment and retaliation.  See 42 U.S.C. §§ 2000e-2(k) and 2000e-3.  And, more importantly, none of the facts alleged in the amended complaint implicate a constitutional or

5

statutory right not covered by Title VII.[1]  Accordingly, the claims under §§ 1983 and 1985 should be dismissed.

V.

Pleading Requirements Pertinent to Title VII Claims

To state a Title VII claim for disparate treatment, a plaintiff must allege facts showing he (1) is a member of a protected class, (2) was qualified for the position, (3) suffered an adverse employment action, and (4) was treated less favorably than a similarly situated employee of another race.  Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 512 (5th Cir. 2001). That last element requires plaintiff to allege facts showing "that the employer gave preferential treatment to another employee under nearly identical circumstances."  Id. at 514. Next, to state a claim of retaliation under Title VII, a plaintiff must allege facts showing that (1) he engaged in activity protected by Title VII, (2) his employer took an adverse employment action against him, and (3) a causal connection exists between the protected activity and the adverse employment action. Scrivner v. Socorro Indep. Sch. Dist., 169 F.3d 969, 972 (5th Cir. 1999).

VI.

Law Applied to the Facts Alleged in Title VII Claims

---

[1] In particular, the court must reject plaintiff's one-sentence conclusory attempt to allege on page 16 of the amended complaint that defendant conspired to, and did, violate his right to due process. That allegation is not support by a showing of (1) how the procedures used were constitutionally inadequate, or (2) how defendant's actions were in any way arbitrary and capricious.  See Zinermon v.Burch, 494 U.S. 113, 125-26 (1990).

Plaintiff fails in his attempt to plead a cause of action under Title VII.  As to the disparate treatment claim, plaintiff does not allege any facts showing that other employees in his same situation were treated differently.  His allegation that exceptions were granted to white police officers is simply too vague and conclusory to withstand defendant's motion. Additionally, the court must dismiss plaintiff's Title VII retaliation claim because he has failed to sufficiently allege that he engaged any protected activity. The theory behind that claim, essentially that defendant demoted him after he spoke out during his administrative hearing against the supposed inefficiencies, wastes, and abuses perpetrated by defendant, is so insufficiently alleged that it cannot implicate any activity protected by Title VII.

VII.

Motion for Leave to Amend Denied

In his response, plaintiff again seeks leave file another amended complaint.  As the court has already allowed plaintiff to file one amended pleading in the face of a motion to dismiss for failure to state a claim, leave is denied.  Based on the scant improvement plaintiff's amended complaint was over his original complaint, the court easily concludes that further amendment would only be for the purposes of delay or some other dilatory motive.

VIII.

O R D E R

For the reasons stated herein,

The court ORDERS that all of plaintiff's claims and causes of action asserted against defendant be, and are hereby, dismissed.

SIGNED April 13, 2006.

    /s/ John McBryde
JOHN McBRYDE
United States District Judge